ON REHEARING
PER CURIAM.
A rehearing has been requested in this matter, urging, in addition to other errors, that we have erred in concluding that a judgment of child support, or, more precisely, of refusal to reduce child support, after divorce granted is a final judgment.
LSA-C.C.P. art. 1841 reads as follows:
“Art. 1841. Judgments, interlocutory and final
A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled. It may be interlocutory or final.
A judgment that does not determine the merits but only preliminary matters in the course of the action is an interlocutory judgment.
A judgment that determines the merits in whole or in part is a final judgment.”
Book 1, Title 5, Chapter 3, of the Louisiana Civil Code treats of the provisional proceedings to which a suit for separation or divorce may give occasion and includes claims for custody of children and alimony for the wife pending the litigation. LSA-C.C. arts. 146, 148, and 151.
Chapter 5 of that same title treats of the effects of separation from bed and board and of divorce and includes claim for custody of children and alimony for the wife at and after termination of the litigation. LSA-C.C. arts. 157, 158, 159, and 160.
The judgment of divorce has the effect of dissolving the marriage and placing the parties in the same situation with respect to each other as if no marriage had been contracted between them. LSA-C.C. art. 159. It also shifts the basis of the an- *358 ciliary proceedings from the provisions of Chapter 3 to the provisions of Chapter 5.
The obligation of child support does not arise out of the above articles of the Civil Code but arises out of art. 227 (See also LSA-R.S. 14:74 and 75). It arises out of paternity and is not affected by separation or divorce. LSA-C.C. art. 227 states:
“Art. 227. Parental support and education of children
Art. 227. Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.”
LSA-C.C. art. 232 states:
“Art. 232. Reduction of alimony or discharge from payment
Art. 232. When the person who gives or receives alimony is replaced in such a situation that the one can no longer give, or that the other is no longer in need of it, in whole or in part, the discharge from or reduction of the alimony may be sued for and granted.”
Thus in the case at bar the merits of the basic dispute between husband and wife has been determined in the judgment of divorce and the issue now before the court is the amount of child support (and specifically a reduction sued for) owed by the father to the child. The judgment on this hearing determines the merits of this claim and meets the definition of final judgment in LSA-C.C.P. 1841.
Additionally we note that the purported judgments dismissed the rules brought. If it is conceded, and it is so argued to us, that judgment thereon precludes the father from again urging the same grounds of reduction but he can only urge new grounds arising after that judgment, then we are presented with a judgment of dismissal with prejudice which shall have the effect of a final judgment of absolute dismissal after trial. LSA-C.C.P. art. 1673.
We thus conclude that the judgments m question are final judgments, not interlocutory judgments, and as such must be in writing and signed to be effective. LSA-C.C.P. art. 1911.
The rehearing is denied.